UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VISION WINE & SPIRITS, LLC, : | |
| : | Civil Action No. 12-6677 (SDW) (MCA) |
| Plaintiff, : | |
| : | |
| v. : | **OPINION** |
| : | |
| WINERY EXCHANGE, INC., : | |
| : | April 22, 2013 |
| Defendant. : | |

**WIGENTON**, District Judge.

Before the Court is Defendant Winery Exchange Inc.'s ("Defendant") Motion to Dismiss the First Amended Complaint for lack of jurisdiction, improper venue, and failure to state a claim ("Motion") against Plaintiff Vision Wine & Spirits, LLC ("Plaintiff") pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6). The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338. This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, this Court concludes that venue is improper in this district. Therefore, Defendant's Motion is GRANTED pursuant to Rule 12(b)(3).

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff is a wine and spirits importer and marketing company with a principal place of business in Secaucus, New Jersey. (Am. Compl. ¶¶ 1, 29.) Plaintiff is registered as a New Jersey limited liability company. (Am. Compl. ¶ 1.) Defendant is a developer and supplier of private label alcohol products with a principal place of business in Novato, California. (Am.

1

Compl. ¶ 2; Colvin Decl. ¶ 2.)  Defendant is registered as a California Corporation.  (Am. Compl. ¶ 2.)

On August 5, 2011, Plaintiff filed its application for the "GR8!!!" mark with the U.S. Patent and Trademark Office.  (Am. Compl. ¶ 31.)  On July 10, 2012, Plaintiff registered the "GR8!!!" mark with the Principal Register of the U.S. Patent and Trademark Office for wines in International Class 33.  (Am. Compl. ¶ 31.)  Plaintiff states that it used the "GR8!!!" mark as early as March 12, 2012.  (Am. Compl. ¶ 31.)

In October 2012, Defendant introduced a red wine entitled "Gr8" and utilized the phrases "GR8," "GR8RW," and "ACRONYM GR8 RED WINE" to advertise and promote the wine.  (Am. Compl. ¶ 41; Am. Compl. Exh. H; see Def. Br. 4.)  Plaintiff alleges that on October 1, 2012, the New Jersey Herald ran an article on its website entitled "Winery Exchange Launches Acronym Gr8 Red Wine."  (Am. Compl. ¶ 10.)  Plaintiff claims that

> [t]he launch of the Acronym Gr8 wine advertised in the press release is the impetus for this lawsuit and Winery Exchange's use of the Gr8 trademark in its press release clearly infringes upon Vision Wine's registered trademark in New Jersey; usurps Vision Wine's goodwill in its registered trademark in New Jersey; and adversely impacts Vision Wine's business in New Jersey.

(Am. Compl. ¶ 10.)

In October 2012, the parties engaged in an e-mail exchange.  Boiled down to its essence, Plaintiff requested that Defendant discontinue using the allegedly infringing marks (i.e. variations of GR8!!!) and refrain from unfairly competing with Plaintiff.  (Am. Compl. ¶ 44.)  Defendant responded that it did not believe that GR8RW infringed or otherwise harmed Plaintiff's rights.  (Am. Compl. ¶¶ 45.)

On October 23, 2012, Plaintiff filed a Complaint against Defendant.[1]  On December 18, 2012, Plaintiff filed an Amended Complaint alleging two counts: (1) federal trademark infringement, and (2) federal unfair competition.  On January 25, 2013, Defendant filed the instant motion.

**DISCUSSION**

    **I.**    **Motion to Dismiss for Improper Venue Under Rule 12(b)(3)**

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a district court may dismiss an action for improper venue.  See Fed. R. Civ. P. 12(b)(3).  In ruling on a Rule 12(b)(3) motion, courts "accept as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits."  Bockman v. First Am. Mktg. Corp., 459 Fed. App'x 157, 158 n.1 (3d Cir. 2012) (citing Pierce v. Shorty Small's of Branson Inc., 137 F.3d 1190, 1192 (10th Cir. 1998)).  As the Third Circuit has stated, "the defendant should ordinarily bear the burden of showing improper venue in connection with a motion to dismiss."  Myers v. Am. Dental Ass'n, 695 F.2d 716, 725 (3d Cir. 1982).

The general venue statute governing actions brought in district courts provides that an action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

---

[1] On November 29, 2012, Defendant filed a Motion to Dismiss Plaintiff's original Complaint.  (Def. Br. 6.)  Defendant notes in its brief that
> [o]n November 20, 2012, [Defense counsel] informed Plaintiff's counsel of the lack of sufficient contacts between [Defendant] and New Jersey, to see if Plaintiff would consider stipulating to re-filing or transferring the case to the Northern District of California.  In response, Plaintiff's counsel swiftly rejected this request and invited [Defense counsel] to proceed with its jurisdictional and venue challenges.

(Def. Br. 6.)

3

>   (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Because venue is not proper under subsections (1), (2), or (3), venue is improper in this district.

### A. Venue is not proper under § 1391(b)(1)

Under 28 U.S.C. § 1391(b)(1), venue is proper in a judicial district "where any defendant resides, if all defendants reside in the same State." A corporation is "deemed to reside . . . in any judicial district in which [it] is subject to the court's personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c).

To determine personal jurisdiction over a nonresident corporation, due process requires the satisfaction of two prongs: (1) the nonresident defendant purposefully availed itself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) exercising personal jurisdiction over the nonresident defendant must not offend traditional notions of fair play and substantial justice. Int'l Shoe, Co. v. Washington, 326 U.S. 310, 316 (1945); Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113 (1987). Personal jurisdiction over a nonresident defendant is improper unless "the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') [or] the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')." Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984)).

In support of its argument that Defendant has sufficient minimum contacts in New Jersey, Plaintiff alleges, inter alia, that Defendant (1) is registered as a foreign corporation in New

4

Jersey; (2) has a registered agent for service of process in New Jersey; (3) has "on at least one occasion" imported products into New Jersey; (4) notified the New Jersey Department of Treasury that it "would like to inform the state [of New Jersey] of its new business and mailing address" located in Novato, California; and (5) allegedly advertised in New Jersey. (Am. Compl. ¶¶ 6-20.)

On the other hand, Defendant contends that it does not have significant contacts to New Jersey warranting personal jurisdiction because it (1) is a small company with less than 90 employees; (2) possesses no real property, offices, employees, or telephones in New Jersey; (3) does not maintain bank accounts or mailing addresses in New Jersey; (4) has held no shareholder or director meetings in New Jersey; (5) does not—and has never—sold its Acronym wine in question in New Jersey; (6) has sold less than one percent of its products in New Jersey; (7) does not advertise, refer to, or sell its Acronym wine products on its website; and (8) stores a small amount of unrelated products in a warehouse in New Jersey. (See Def. Br. 4-5.)

Based on the Amended Complaint and the parties' briefs, this Court finds that Defendant is not subject to general or specific jurisdiction in this district. Plaintiff alleges "[t]he launch of the Acronym Gr8 wine advertised in the press release is the impetus for this lawsuit." (Am. Compl. ¶ 41.) Plaintiff's allegation that Defendant solicits business and advertises in New Jersey is primarily based on the press release published by the New Jersey Herald on October 1, 2012. (See Am. Compl. ¶ 41-42.) However, Defendant contends that it did not distribute the press release underlying Plaintiff's venue arguments or otherwise advertise its wines in New Jersey. (Def. Br. 8.) According to Defendant, an independent third party distributed Defendant's press release and it was picked up by the New Jersey Herald. (See Def. Br. at 8.) Furthermore, the press release had nothing to do with New Jersey and does not appear to target New Jersey. (See

Def. Br. 9.)  Importantly, Defendant claims that it did not sell the allegedly infringing wine in New Jersey.  (Def. Br. 9.)  As Plaintiff has failed to sufficiently allege that any events underlying the action occurred in New Jersey, there is no basis for specific jurisdiction in this district.

Additionally, Plaintiff fails to provide sufficient support for its conclusory allegation that Defendant does substantial business in this district that would give rise to general jurisdiction. See e.g., Database Am., Inc. v. Bellsouth Adver. & Pub. Corp., 825 F. Supp. 1195, 1209 (D.N.J. 1993) ("General jurisdiction requires a plaintiff to show significantly more than mere minimum contacts.").  Plaintiff alleges that Defendant has continuous and systematic contacts in New Jersey.  Plaintiff does not, however, substantiate this allegation with adequate facts.  Plaintiff claims that Defendant is a registered foreign corporation in New Jersey, stores approximately two percent of its products in New Jersey, and has a registered agent for service who operates for multiple states including New Jersey.  (Am. Compl. ¶ 7; Pl. Br. 8.)  However, Defendant is incorporated in California and maintains its principal place of business in Novato, California. (Am. Compl. ¶ 2.)  Defendant states that it does not maintain offices, employees, telephones, bank accounts, or mailing addresses in New Jersey.  (See Def. Br. 4.)  Defendant has sold less than one percent of its products in New Jersey and does not target New Jersey in its advertisements.  (See Def. Br. 4.)  Weighing these factors collectively, Defendant does not maintain sufficient continuous and substantial business in New Jersey to establish personal jurisdiction.

As Defendant is not subject to personal jurisdiction in New Jersey, Defendant does not reside in this district for the purposes of § 1391(c).  Thus, venue is not proper under § 1391(b)(1).

### B. Venue is not proper under § 1391(b)(2)

Under 28 U.S.C. § 1391(b)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." "In assessing whether events or omissions giving rise to the claims are substantial, it is necessary to look at the nature of the dispute." Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 295 (3d Cir. 1994). "The test for determining venue [under §1391(a)(2)] is not the defendant's 'contacts' with a particular district, but rather the location of those 'events or omissions giving rise to the claim.'" Id. at 294. "Events or omissions that might only have some tangential connection with the dispute in litigation are not enough." Id.

In the context of trademark infringement cases, courts focus their venue inquiry on "the location where the unauthorized passing off takes place—whether that occurs solely within one district or in many." Id. at 295. "Passing off occurs where the deceived customer buys defendant's product in the belief that he is buying plaintiff's [product]." Taylor & Francis Group, PLC v. McCue, 145 F. Supp. 2d 627, 630 (E.D. Pa. 2001).

Plaintiff's Amended Complaint lacks allegations demonstrating that a substantial part of the events or omissions occurred in New Jersey. Plaintiff does not allege that Defendant sold their Gr8 wines in New Jersey, that Defendant's Gr8 wine and Plaintiff's GR8!!! wine were sold together in New Jersey, or that Defendant itself advertised the wine in New Jersey.

Instead, the crux of Plaintiff's claim that venue exists in New Jersey is based on a press release relating to Defendant's wines that appeared in a New Jersey source, the New Jersey Herald. (Am. Compl. ¶¶ 18, 21-25.) However, Plaintiff does not provide any support that Defendants issued the press release in New Jersey, that Defendant provided Plaintiff with the press release, or that Defendant specifically targeted a New Jersey audience. See Maxtak Capital

Advisors LLC v. ParkerVision, Inc., 11-CV-7549, 2012 WL 4673244, at *4 (D.N.J. Oct. 1, 2012) (noting that plaintiffs' choice of forum is given less weight because "there is no support for the statement that [defendant's release of] public documents [was] specifically directed to New Jersey as opposed to the market at large"). Additionally, Plaintiff's argument that it resides in New Jersey and was injured in New Jersey is not sufficient to establish venue in New Jersey. Plaintiff's conclusory allegation that the substantial events giving rise to the alleged infringement occurred in New Jersey is unsubstantiated. (See Am. Compl. ¶¶ 25-28.) Accordingly, this Court finds that venue is not proper in New Jersey under § 1391(b)(2).

### C. Venue is not proper under § 1391(b)(3)

Under 28 U.S.C. § 1391(b)(3), venue is proper in a judicial district in which any defendant is subject to the court's personal jurisdiction with respect to this action, if there is no district in which the action may otherwise be brought. This action may have been properly brought in the Northern District of California where Defendant resides and substantially conducts its business. Alternatively, Plaintiff may have potentially brought this action in a district where Defendant's Gr8 wine and Plaintiff's GR8!!! wine are actually sold together and gave rise to the alleged infringement. Because this case could have been properly brought in another venue, § 1391(b)(3) does not support venue in New Jersey.

* * *

The Court finds that Defendants satisfied their burden of proving that venue in this district is improper under 28 U.S.C. § 1391. As a result, the Court will dismiss the action without prejudice and allow Plaintiff to re-file the action in a proper venue. See 28 U.S.C. § 1406(a).

II.    **Motion to Dismiss For Lack of Personal Jurisdiction Under Rule 12(b)(2) and Failure to State a Claim Under Rule 12(b)(6)**

Having concluded that venue is improper here, this Court does not reach the merits of Defendant's arguments under Rules 12(b)(2) and 12(b)(6). See e.g., Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 436 (2007) (recognizing that courts have the discretion to defer deciding issues relating to personal and subject matter jurisdiction when dismissing case under forum non conveniens grounds).

**CONCLUSION**

For the reasons set forth above, Defendant's Motion is **GRANTED**.

                                                                            s/Susan D. Wigenton, U.S.D.J.

cc: Madeline Cox Arleo, U.S.M.J.